UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

T. ERIC MONROE,

                    Plaintiff,

v.

NORTHSTAR SOURCE GROUP, LLC, et al.,

                    Defendants.

23 Civ. 6220 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is a renewed motion to seal or redact certain exhibits filed by Defendants Source Digital, Inc. and NorthStar Source Group, LLC in opposition to Plaintiff's motion for summary judgment. *See* Defs.' Letter Motion to Seal, ECF No. 46 (the "Second Sealing Motion"). For the reasons stated below, the Second Sealing Motion is **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

The Court assumes familiarity with the general facts of this case as set forth in a previous Opinion and Order, dated July 15, 2025, granting in part and denying in part Plaintiff's motion for summary judgment. *See* ECF No. 44 (the "Summary Judgment Order"). In the Summary Judgment Order, the Court denied without prejudice Defendants' motion to seal certain exhibits filed in connection with their opposition to Plaintiff's summary judgment motion. *See id.* at 25. In so ruling, the Court noted that Defendants had failed to establish an adequate basis to justify continued sealing of the documents in question, noting that the mere designation of the documents as confidential pursuant to the protective order in this case is insufficient under governing Second Circuit case law. *See id.* (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006)). The Court, however, maintained the documents in question under temporary seal and afforded Defendants an opportunity to renew their sealing request provided that any such request

"contain citations to relevant legal authorities supporting each sealing request; and shall, where possible, be accompanied by versions of the Exhibits with appropriately narrowly tailored redactions." *Id.* On July 29, 2025, Defendants filed a renewed sealing request.

## LEGAL STANDARD

The Court applies a three-part inquiry to determine whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).[1] First, a court determines whether a document is a "judicial document," subject to a presumptive public right of access. *See id.* at 87. A judicial document is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Second, a court determines the weight of the presumption that attaches to the document, looking to "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Olson*, 29 F.4th at 87-88. "The presumption of public access exists along a continuum. The strongest presumption attaches where the documents determine litigants' substantive rights, and is weaker where the documents play only a negligible role in the performance of Article III duties." *Id.* at 89. However, documents do not "receive different weights of presumption based on the extent to which they [are] relied upon in resolving the motion." *Lugosch*, 435 F.3d at 123.

"Finally, once the weight of the presumption has been assessed, the court is required to balance competing considerations against it." *Olson*, 29 F.4th at 88. "[C]ontinued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to

---

[1] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. Competing considerations may include the protection of "sensitive business information," the release of which could cause a litigant "competitive harm." *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 608 (S.D.N.Y. 2022). "A further countervailing consideration is the privacy interests of innocent third parties which should weigh heavily in a court's balancing equation." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14 Misc. 2542, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023), *reconsideration denied*, 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (citing *Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990)). The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

## DISCUSSION

As an initial matter, Defendants withdraw their request to seal two documents: Exhibits 7 and 13 to their Opposition to Plaintiff's motion for summary judgment, which are currently under seal at ECF Nos. 37-2 and 37-8. *See* Second Sealing Motion at 3, 6. Accordingly, the Court respectfully directs the Clerk of Court to unseal those documents immediately. As to the remaining documents subject to Defendant's motion, the Court now proceeds in the three-step analysis set forth by the Second Circuit in *Olson*.

Here, there is no doubt that the exhibits at issue, which were submitted in opposition to Plaintiff's summary judgment motion, are judicial documents "relevant to the performance of the judicial function and useful in the judicial process." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). Thus, the presumption of public access attaches to all the documents and exhibits discussed herein. *Lugosch*, 435 F.3d at 123. Second, the presumption of public access is especially strong here because the documents and exhibits were filed in connection with a dispositive motion.

*See Olson*, 29 F.4th at 90.  The Court's decision here therefore turns on the third *Olson* factor—that is, whether higher values justify continued sealing and if the proposed sealing or redactions are sufficiently narrowly tailored to protect those values.

The analysis is relatively straightforward with respect to all the documents at issue except one (Exhibit 9, which contains excerpts of a deposition transcript in a separate matter, which Defendants seek to redact rather than to seal altogether, and which is discussed below).  First, to the extent that Defendants continue to cite the designation of the documents in question as confidential under the Protective Order in this case, that is insufficient, as this Court previously explained.  *See* Summary Judgment Order at 25 (citing *Lugosch*, 435 F.3d at 126).

Defendants' primary argument, however, is that the documents they seek to maintain under seal contain some combination of various forms of information that, if disclosed, will cause them competitive economic harm—namely, information about (1) internal content use policies; (2) licensing practices; and (3) contractual relationships or contract terms.[2]  While it is true that, as a general matter, sensitive business information may properly be sealed, here, Defendants "ha[ve] not proffered any meaningful harm that would result from the public disclosure" of these particular categories of information.  *Optionality Consulting PTE. LTD. v. Edge Tech. Grp. LLC*, No. 18 Civ. 5393, 2024 WL 1464660, at *2 (S.D.N.Y Apr. 4, 2024).  That is, Defendants have not adequately articulated how disclosure of these specific categories of business information may cause them competitive harm, beyond a rather conclusory assertions that this information "is generally considered private and its disclosure to the public and competitors would provide insight into

---

[2] *See* Second Sealing Motion at 2-6 (seeking sealing of Exhibit 4, ECF No. 37 (citing internal content use policies); Exhibit 5, ECF No. 37-1 (internal content use policies and licensing practices); Exhibit 8, ECF No. 37-3 (contractual relationships, internal content use policies); Exhibit 10, ECF No. 37-5 (internal content use policies); Exhibit 11, ECF No. 37-6 (internal content use policies and licensing practices); Exhibit 12, ECF No. 37-7 (contractual terms); Exhibit 14, ECF No. 37-9 (internal content use policies)).

Source Digital's business operations and could cause competitive harm." Second Sealing Motion at 2. Such a conclusory statement is "insufficient to overcome the strong presumption of the public's right to access this information," *Optionality Consulting PTE. LTD.*, 2024 WL 1464660, at *2 (citing *In re Keurig*, 2023 WL 196134, at *7).

Finally, even if Defendants had done more to justify their request, they have failed to show that wholesale sealing of these documents, rather than narrowly tailored redactions, would be appropriate. Their request is not tailored at all, let alone narrowly tailored to protect the interests invoked here. *See Lugosch,* 435 F.3d at 126. Accordingly, the request to seal Exhibits 4 (ECF No. 37); 5 (ECF No. 37-1); 8 (ECF No. 37-3); 10 (ECF No. 37-5) 11 (ECF No. 37-6) 12 (ECF No. 37-7), and 14 (ECF No. 37-9) is denied.

The Court reaches a slightly different conclusion with respect to Exhibit 9 (ECF No. 37-4). Defendants propose five redactions to this document; the Court concludes that two are appropriate (at Page 22, line 22 to Page 23, line 8; and at Page 33, line 23 to Page 34, line 3) because they contain revenue information, which courts have routinely held may properly be redacted. Courts "commonly seal[ ] documents" containing "revenue information, pricing information, and the like." *Kewazinga Corp. v. Microsoft Corp.*, No 18 Civ. 4500, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (citing *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999)). Defendants, however, have failed to justify the remaining proposed redactions to Exhibit 9, however, for the same reasons as those described above concerning Defendants' request to seal other various documents.

## CONCLUSION

As explained above, Defendants' Second Sealing Motion is **GRANTED IN PART and DENIED IN PART.** Specifically:

Because Defendants no longer seek to maintain Exhibits 7 and 13 under seal, the Clerk of Court is respectfully directed to unseal ECF Nos. 37-2 and 37-8.

The following documents shall remain temporarily under seal for fourteen (14) days: ECF Nos. 37; 37-1; 37-3; 37-4; 37-5; 37-6; 37-7; 37-9. On or before the expiration of that period, Defendants shall file a letter notice with the Court indicating whether they intend to appeal the Court's decision here, and if so, with respect to which documents.

- If Defendants inform the Court that they intend to appeal, the Court will maintain any documents subject to such appeal under temporary seal.

- If Defendants indicate that they do not intend to appeal as to some or all of the documents at issue, the Court will direct that such documents shall be unsealed, with the exception of ECF No. 37-4 (Exhibit 9). In the event that no appeal is taken with respect to that document, Defendants shall file a version of it with more narrowly tailored redactions consistent with this opinion by or before January 20, 2026.

The Clerk of Court is respectfully directed to terminate ECF No. 46.

SO ORDERED.

Dated: January 6, 2026

New York, New York

_____
DALE E. HO
United States District Judge